•           •           • 
 • • •





MEMORANDUM OPINION

 No. 04-09-00118-CV

Timothy James HOUTCHENS, Jr.,
Appellant

v.

Darla Michelle CRAWFORD,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18297
Honorable Michael Peden, Judge Presiding



 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
                        Rebecca Simmons, Justice
 
Delivered and Filed: January 6, 2010  

AFFIRMED

            In this appeal from the trial court’s Final Decree of Divorce, appellant asserts the trial court
abused its discretion in determining his appeal was frivolous. We affirm.

BACKGROUND
            On December 7, 2007, appellee filed an Original Petition for Divorce, which was assigned
to the 288th Judicial District Court of Bexar County, Texas (“the 288th”). Approximately one hour
later, appellee filed an Original Petition to Terminate Parent-Child Relationship, which was assigned
to the 407th Judicial District Court of Bexar County, Texas (“the 407th”). On December 8, 2008,
the termination proceedings, although assigned to the 407th, commenced before the 288th. 
Appellant, who is incarcerated but attended the proceeding via telephone conference, inquired about
his understanding that the same court should hear both the termination proceeding and the divorce
proceeding. When appellee’s attorney stated she was prepared to go forward with both proceedings,
appellant asked for an additional sixty-eight days for the purpose of corresponding and visiting with
appellee. The trial court denied the request and proceeded to hear both the petition to terminate the
parent-child relationship and the petition for divorce. After first hearing evidence in the termination
proceeding, the trial court terminated appellant’s parental rights. The “407th Judicial District”
appears in the caption of the termination order. The court then heard evidence in the divorce
proceeding and, on December 15, 2008, the trial court signed the divorce decree. The “288th
Judicial District” appears in the caption of the divorce decree. Four days later, appellant filed his
notice of appeal in the divorce case and, about one month later, he filed a Declaration of Inability
to Pay Costs. Approximately five months after signing the divorce decree, the trial court entered its
findings of fact and conclusions of law in which the court found appellant’s appeal in the divorce
case to be frivolous.DISCUSSION
            On appeal, appellant asserts the trial court erred in finding his appeal to be frivolous because
the 407th lacked subject-matter jurisdiction over the divorce proceeding. Appellant alleges the 407th
improperly transferred the divorce proceeding from the 288th to the 407th. The premise of
appellant’s argument is that the 288th Judicial District Court should have heard the termination
proceeding as well as the divorce proceeding pending before it. Although the record in this appeal
does not contain a motion to transfer,


 an order on any motion to transfer, or an order consolidating
the two proceedings, both proceedings were, in fact, heard in the 288th. The “288th Judicial
District” appears in the caption of the Final Divorce Decree. However, the “407th Judicial District”
appears in the caption of the Order of Termination, and it is this caption that may be the source of
some confusion on appellant’s part. 
            “[T]he District Judges may exchange districts, or hold courts for each other when they may
deem it expedient and shall do so when required by law.” Tex. Const. art. V, § 11. The Texas
Government Code expressly grants the Bexar County district courts concurrent jurisdiction. See
Tex. Gov’t Code Ann. § 24.139(c) (Vernon 2004). A district court judge may hear and determine
a matter pending in any district court in the county and may sign a judgment or order in any of the
courts regardless of whether the case is transferred. Id. § 74.094(a) (Vernon 2005). These
provisions also form the basis of the Bexar County local rules that provide for a centralized, rotating
docket system for non-jury civil matters. See Local Rule 3.A. Here, the reporter’s record from the
hearing indicates both the divorce and termination proceeding took place before same judge, sitting
in the 288th, who signed both the Order of Termination and the Final Divorce Decree.


 
CONCLUSIONWe conclude that because the 288th had jurisdiction to hear both proceedings and did, in fact,
hear both proceedings, appellant’s arguments on appeal are without merit. Therefore, we overrule
appellant’s issues on appeal and affirm the trial court’s judgment.    
 
Sandee Bryan Marion, Justice